UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST P. PRICE,

-vs-                               Case No.  8:00-cr-155-T-24MAP
                                             8:03-cv-2126-T-24MAP

UNITED STATES OF AMERICA.

---

**ORDER**

The Court denied Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Defendant filed an application for certificate of appealability which the Court construed as a Notice of Appeal. He also filed a motion to proceed in forma pauperis on appeal. The Court denied both the application for certificate of appealability and the motion to proceed in forma pauperis on appeal. (Doc. cv-23). Subsequently, the United States Court of Appeals for the Eleventh Circuit denied Defendant's motion for certificate of appealability and motion to proceed in forma pauperis on appeal. (Doc. cv-34, cv-36).

Defendant then filed a motion for reconsideration of this Court's order denying the motion to vacate. (Doc. cv-37). The Court denied the motion and Defendant appealed.

(Doc. cv-38, 39). The Court construed Defendant's Notice of Appeal as an application for certificate of appealability. (Doc. cv-40).

To merit a certificate of appealability, Defendant must show that reasonable jurists would find debatable both (1) the merits of an underlying claim, and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 475 (2000).[1] Defendant has failed to meet this standard. Therefore, Defendant has failed to satisfy the Slack test. Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000).

Accordingly, the Court orders:

That Defendant's construed application for certificate of appealability (Doc. cv-40) is denied.

ORDERED at Tampa, Florida, on August 11, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

AUSA: Jeffrey Downing
Pro se: Ernest P. Price

---

[1] Miller-El v. Cockrell, 123 S.Ct. 1029 (2003) does not change the Slack standard. See Ziegler v. Crosby, 345 F.3d 1300, 1303 n.4 (11th Cir. 2003).